UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ROBERT RICHMOND, LYNN RICHMOND, his wife,

        Plaintiffs,

v.                                                                   Case No. 5:05-cv-304-Oc-10GRJ

THE PEP BOYS-MANNY, MOE & JACK, INC.,
a foreign corporation,

        Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion To Remand. (Doc. 10. ) Defendant has filed a response to Plaintiffs' Motion To Remand (Doc. 12), and the matter is now ripe for the Court's review. For the reasons discussed below, Plaintiff's Motion To Remand (Doc. 10) is due to be **DENIED**.

## I. INTRODUCTION

On February 24, 2005, Plaintiffs filed a complaint for personal injuries, breach of contract, and loss of consortium against Defendant in the Circuit Court, Fifth Judicial Circuit, in and for Marion County, Florida alleging that due to Defendant's negligence they had suffered damages in excess of $15,000.00.[2] Plaintiffs allege in their Complaint that Plaintiff Robert Richmond sustained "bodily injury and resulting pain and suffering,

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2] *See* Second Amended Complaint, Doc. 3; Notice of Removal, Doc. 1, Ex. A, at 7-21.

loss of capacity for enjoyment of life," lost wages, loss of earning capacity and medical expenses as a result of Defendant's negligence.[3] Specifically, Plaintiff contends that Defendant did not have sufficient personnel available to help him unload the cargo he had transported to Defendant's place of business from his truck.[4] Plaintiff also alleges that Defendant did not take adequate safety precautions to protect him while he was unloading.[5] Plaintiff contends that the lack of personnel and safety precautions causing his injuries were also breaches of the Contract Transportation Agreement that Defendant had entered into with Plaintiff's employer, Swift Transportation.[6] The Complaint also includes a claim by Plaintiff's wife, Lynn Richmond, for the loss of her husband's "services, companionship, and consortium."[7] Defendant was served with the summons and a copy of the Complaint on March 2, 2005.[8]

On June 10, 2005, Plaintiff served his answers to Defendant's first set of interrogatories. Based on the information disclosed in the answers to interrogatories Defendant removed this action on June 30, 2005 on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332.

Plaintiffs argue that this action should be remanded to state court because Defendant untimely removed this action more than thirty (30) days after Defendant

---

[3] Second Amended Complaint, Doc. 3, ¶32.

[4] *Id.* at ¶26-27.

[5] *Id.* at ¶28-30.

[6] *Id.* at ¶35-37.

[7] *Id.* at ¶39.

[8] Notice of Removal, Doc. 1, Ex. A, at 33-34; Pl's Mem. In Support of Mot. To Remand at 1.

could have first ascertained that the case was removable, in contravention of 28 U.S.C. § 1446.[9] Specifically, Plaintiffs claim that Defendant had actual notice that the amount in controversy was in excess of $75,000.00 as of March 22, 2005 - the date when Defendant's first attorney, Edward J. Fucillo,[10] received a fifteen (15) page facsimile from Plaintiffs' counsel, which included a document from a previous worker's compensation proceeding, entitled "Stipulation And Agreement For Lump-Sum Settlement Under F.S. 440.20(11)(C)(1994) And Release of Employer Carrier/Servicing Agent As To Provision Of Any And All Chapter 440, Fla. Stat., Benefits" (the "Worker's Compensation Settlement.")[11]  In the Worker's Compensation Settlement,  Richmond received a lump-sum award in the amount of $82,500.00 for past and future compensation and future medical and rehabilitation expenses from his employer Swift Transportation,[12] for whom he was working when he transported the cargo to Defendant. The lump sum settlement included, however, $10,750 earmarked for attorney's fees.

According to Plaintiffs, because the Defendant knew that the amount in controversy exceeded $75,000.00 after it received the Worker's Compensation Settlement on March 22, 2005, the Defendant was required to file its Notice of Removal within 30 days thereafter.

---

[9] Pl.'s Mot. To Remand, Doc. 10, ¶16.

[10] After reviewing this facsimile, Edward J. Fucillo discovered a possible conflict of interest with his representation of Pep Boys due to concurrent representation of Plaintiff's former employer, Swift Transportation.  Fucillo subsequently withdrew from the case and was replaced by Defendant's current counsel.  Def. Response to Pl.'s Mot. To Remand, Doc. 12, ¶2; Pl.'s Mot. To Remand, Doc. 10, at Ex. B.

[11] *Id.* at ¶8; Pl.'s Mot. To Remand, Doc. 10, Exs. B-C.

[12] Def.'s Response to Pl.'s Mot. To Remand, Doc.12, ¶10.

In response, Defendant argues that excluding attorney's fees, the Worker's Compensation Settlement (and subsequent lien of this amount assigned to the Plaintiff by Swift[13]) does not meet or exceed the jurisdictional threshold of 28 U.S.C. § 1332(a)(1)[14] Further, Defendant contends that without any description as to the extent of Plaintiff's disability or need for future medical care in Plaintiff's Complaint, there is no indication that the amount recoverable for damages in this case would be equal to the amount of the settlement and, therefore, exceed the $75,000 jurisdictional threshold.[15]

## II. **DISCUSSION**

The issue presented for determination is whether the transmittal of the Worker's Compensation Settlement to Defendant by Plaintiff's counsel on March 22, 2005 constituted an "other paper from which it may first be ascertained that the case is one which is or has become removable ... " If so, the case should be remanded because the Defendant did not file its notice of removal within thirty days thereafter but instead removed the action later after Defendant had received Plaintiffs' answers to interrogatories.

The relevant statute, 28 U.S.C. §1446 (b) establishes two separate time periods for filing the notice of removal. The first time period provides that a defendant must file its notice of removal "within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim upon which such action or proceeding is

---

[13] *Id.* at ¶3.

[14] *Id.* at ¶4.

[15] *Id.* at ¶ 9.

based."[16] However, where "the case stated by the initial pleading is not removable," the statute provides for a second time period in which to file the notice of removal. Under this provision of the removal statute the defendant must file the notice of removal "within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order, or other paper from which it may *first* be ascertained that the case is one which is or has become removable."[17] It is this second time period for removing an action that is involved in this case.

For the following reasons the Court concludes that the March 22, 2005 facsimile transmittal of the Worker's Compensation Settlement does not constitute an "other paper from which it may first be ascertained that the case is one which is or has become removable."

First, to be classified as an "other paper" under the second part of the statute, the paper should arise out of and be a part of the *present* litigation [18] According to Plaintiffs, prior counsel for Defendant in this case received the Worker's Compensation Settlement by facsimile on March 22, 2005. The Worker's Compensation Settlement was transmitted to Defendant's prior counsel not to support the amount of damages claimed by Plaintiffs, but rather to assist Defendant's counsel in determining whether his

---

[16] 28 U.S.C. §1446(b) (2004).

[17] *Id* (emphasis added).

[18] *See* Jade E. Towers Developers v. Nationwide Mut. Ins. Co., 936 F. Supp. 890 (N.D. Fla. 1996) (quoting Chapman v. Powermatic, Inc. 969 F.2d 160 (5th Cir. 1992), that "[b]y its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of Section 1446 (b), the defendant must receive the 'other paper' only after it receives the initial pleading.");James Essenson v. John Coale et al., 848 F. Supp. 987, 990 (M.D. Fla. 1994) (quoting Gilardi v. Atchison, Topeka & Sant Fe R.R. Co., 189 F. Supp. 82,85 (N.D. Ill. 1960),"'Other paper' refers to such court process even though not required to be filed, so long as these papers are part and parcel of the State Court proceedings having their origin and existence by virtue of State Court processes.").

firm had a conflict of interest. Prior counsel for Defendant also represented Swift Transportation, which allegedly had assigned its worker's compensation lien rights to the Plaintiffs. The March 22, 2005 facsimile with enclosure was transmitted to confirm that the worker's compensation lien had been assigned to Plaintiff and, thus, that Defendant's counsel had a conflict of interest and should withdraw from this case. The Worker's Compensation Settlement occurred in a previous worker's compensation proceeding - unrelated to Pep Boys and unrelated to the claims in this case - and was finalized in May 2004,[19] more than nine months before this case was filed.

While some courts have held that correspondence between counsel may be considered an "other paper," the quality and nature of the correspondence in those cases typically involved a settlement offer or demand letter in which the plaintiff voluntarily asserted a position with regard to damages or citizenship, which triggered the time period for removal.[20] "Mere correspondence between counsel . . . is not sufficient to bring plaintiff's correspondence into the definition of other paper. . . ."[21]

---

[19] Pl.'s Mot. To Remand, Ex. C at 14.

[20] See, e.g. Jamison v. Kerr-McGee Corp., 151 F. Supp. 2d 742, 745 (S.D. Miss. 2001) (quoting from Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 761 (5th Cir 2000) which found that a post-complaint demand letter was an "other paper." As the court noted, " 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the *changed circumstances* which now support federal jurisdiction.") (emphasis added); Davis v. Chrysler Corp., 950 F. Supp. 327, 329 (D.C. Ala. 1997) (correspondence between counsel establishing the existence of diversity due to the dismissal of a nondiverse defendant started the running of the thirty day removal period); Stramel v. Gen. Elec. Capital Small Bus. Fin. Corp., 955 F. Supp. 65 (D.C. Tex. 1997) (settlement offer was an "other paper); Rodgers v. Northwestern Mut. Life Ins. Co., 952 F. Supp. 325 (D.C. Va. 1997) (settlement offer); Sunburst Bank v. Summit Acceptance Corp., 878 F. Supp. 77 (D.C. Miss. 1995) (remanded because letter did not meet defendant's burden of showing amount in controversy); Martin v. Mentor Corp., 142 F. Supp. 2d 1346, 1349 (M.D. Fla. 2001); Golden v. Dodge- Markham Co., 1 F. Supp. 2d 1360, 1364 (M.D.Fla. 1998) (demand letters are "other paper" but Defendant must still prove to court that plaintiff's settlement demand was a fair assessment of damages); Essenson v. Coale, 848 F. Supp. 987, 989-90 (M.D. Fla. 1994); Golden Apple Management Co., Inc. V. GEAC Computers, Inc., 990 F. Supp. 1364, 1367-68 (M.D. Ala. 1998); Rahwar v. Nootz, 863 F. Supp. 191 (D.C. N.J. 1994) (correspondence stating plaintiff's claim for $500,000 in damages was "other paper"); Central Iowa Agri-Sys v. Old Heritage Adver. & Publishers, Inc. , 727 F. Supp. 1304 (D.C. Iowa 1989) (demand letter).

[21] Bonnell v. Seaboard Air Line R.R. Co., 202 F. Supp. 53, 55 (N.D. Fla. 1962).

Accordingly, because the March 22, 2005 facsimile transmitting to Defendant's prior counsel the Worker's Compensation Settlement is not a document generated out of this litigation nor correspondence evidencing the voluntary action of the Plaintiff relevant to Plaintiffs' claims for damages in this case it should not be considered "an other paper" for purposes of triggering the thirty day period for removal under the second part of § 1446(b).

Second, even assuming, *arguendo*, that the March 22, 2005 facsimile enclosing the Worker's Compensation Settlement was an "other paper," it did not trigger the thirty period for removal because it was not an "other paper" from which it could be ascertained that the action was removable. Although, the Worker's Compensation Settlement discloses on its face that Plaintiff received a lump sum payment of $82,750.00 this sum expressly includes $10,750.00 in attorney's fees payable to Plaintiff's counsel pursuant to the statutory provisions of Florida's worker's compensation laws.[22] The general rule is that attorney's fees do not count towards the amount in controversy unless they are allowed by statute or contract.[23] Plaintiffs' claims in this case are for common law negligence and breach of contract, neither of which provides for recovery of attorney fees. Therefore, the attorney's fees awarded as part of the Worker's Compensation Settlement should be excluded from the determination of the amount in controversy in this case. It follows that the Worker's Compensation Settlement - at best - only provided notice to Defendant's counsel that the claimed

---

[22] *Id.*, Ex. C, at 4.

[23] Federated Mutual Insurance Company v. McKinnon Motors LLC, 329 F.3d 805, 808 n. 4 (11th Cir. 2003).

damages in this case were $72,000.00, a sum less than the jurisdictional threshold for this Court.

Where a Plaintiff, as here, only makes a general, unspecified demand for relief in the *ad damnum* clause, the defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount when the action is removed.[24] The defendant has no obligation to investigate further the amount in controversy to determine whether federal jurisdiction exists. The right to remove is only renewed, however, when during the course of the litigation an "other paper" as described by 28 U.S.C. §1446(b) clearly places the defendant on notice that the amount in controversy exceeds the $75,000.00 threshold.[25]

Thus, when determining *when* the thirty day right of removal has been renewed the inquiry must focus upon the information in the "other paper" and not upon the subjective belief of the defendant. A defendant should not be required to guess as to whether the amount in controversy exceeds the jurisdictional threshold for federal jurisdiction and the Court should not be required to decide whether the Plaintiff has established by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional threshold by examining Defendant's subjective belief of what the damages might be if the Plaintiff is successful.

---

[24] Golden v. Dodge-Markham Co., Inc., 1 F. Supp. 2d 1360, 1363 (M.D. Fla. 1998); Martin and v. Mentor Corp., 142 F. Supp. 2d 1346, 1348 (M.D. Fla. 2001).

[25] Field, 200 U.S. Dist. LEXIS 5451, at *22 ("[U]ntil a defendant receives in *writing*, a statement that suggests that a plaintiff plans to seek more than $75,000.00 in damages, the case is not removeable")(quoting McLain v. Amer. Int'l Recovery, 1 F. Supp. 2d 628 (S.D. Miss. 1998)).

In sum, the Court concludes that this action became removable only after Defendants received Plaintiffs' answers to the Defendant's interrogatories, which disclosed, *inter alia,* that the amount of uncompensated lost wages sought in this case were approximately $31,000.00 per year for at least a three and one half year period.[26] Because Defendant removed the action within thirty days of receipt of Plaintiffs' responses to Defendant's discovery requests, including the answers to interrogatories,[27] removal was timely under the second part of §1446(b) and Plaintiffs' Motion To Remand is, therefore, due to be denied.

### III.  RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiffs' Motion To Remand (Doc. 10) be **DENIED**.

**IN CHAMBERS** in Ocala, Florida, on August 31, 2005.

GARY R. JONES
United States Magistrate Judge

Copies to:
  The Honorable Wm. Terrell Hodges
  Senior United States District Judge

  Counsel of Record

---

[26] Plaintiffs concede - and do not dispute - that the damages they are seeking in this case exceed $75,000 and that their answers to interrogatories disclose that their damages exceed this sum. *See,* Pl.'s Mem. In Support Of Pl.'s Mot. To Remand, at 1-2.

[27] The law is well settled that interrogatories may constitute an other paper under the removal statute sufficient to trigger the thirty day period to file a notice of removal. *See, e.g.,* Steven A. Field v. Nat'l Life Ins. Co., No. 8:00-CV-989-T-24TBM, 2001 U.S. Dist. LEXIS 5451, at *20 (M.D. Fla. Jan. 22, 2001) ("It is clear that interrogatory answers can constitute "other papers."); Fleming v. Colonial Stores, 279 F. Supp. 933, 934 (N.D. Fla. 1968); Viens v. Wal-Mart Stores, Inc., No. 3:96CV02602,1997WL114763, at *2 (D. Conn. Mar. 4, 1997); Wood v. Malin Trucking, Inc., 937 F. Supp. 614, 616 (E.D. Ky. 1995).